Judge Owsley

delivered the opinion of the Court.

B~ a writing, dated the 24th of August, 1821, Williamson acknowledged that he had, on that day, received of Lyle forty kegs of powder, containing each twenty-five pounds, and two large boxes, one containing five hundred and forty-six *143 dozen, and the other containing four hundred and forty-seven dozen spun cotton, all in good order, and covenanted to deliver the same in like good order to V, and I. King, at their store in Madison, Indiana.
Suit at law, and judgment on the covenant.
Bill for relief against the judgment, on the ground of mistake in the quantity of goods specified in the receipt.
Mistakes in writings is a principal ground of chancery jurisdiction : and a court of equity is the proper tribunal to. apply to, for relief against the effect of a writing, by which a party, — in consequence of an incorrect estimate of the weights and number of packages,— receipted for, and covenanted to deliver, a greater quantity of merchandise than was, in fact, delivered to him.
*143 An action of covenant was brought by Lyle upon this writing, and Williamson having failed to make defence, ninety-five dollars and forty-nine cents damages were assessed by the jury, on a writ of inquiry awarded for that purpose, and judgment was thereupon rendered by the court.
To be relieved against that judgment, Williamson exhibited his bill in equity with injunction. The grounds for relief as alleged in the bill, and made out by the proof in the cause, are substantially these: That having under an agreement, such as that described in the writing, received most of the articles therein mentioned, and believing that the whole w.as received, Williamson executed the writing with the covenants therein contained; but that he has since discovered that, in point of fact, there were not more than thirty-nine kegs of powder received by him, and that neither of the kegs actually received, contained more than between -twenty and twenty-one pounds of powder; and that in drawing the writing, there was a mistake committed both as to tbe number of kegs, and the quantity of powder contained in each; that all the articles received by Williamson, were carried by him, and delivered to Y. and I. King, according to his undertaking, and that the judgment at,law was recovered for his failure to deliver the keg which was not received by him, and lack of the quantity in the kegs received, but which through the mistake, was incorrectly stated in the writing.
By all who may attend to the preceding facts, t,he injustice of the judgment which w.as recovered against Williamson, will be acknowledged, and hone will doubt the propriety of sustaining his bill, and granting him the relief prayed, provided it can be done consistently with the rules by which courts of equity are governed. Butin argument, we were t.old, that Williamson ought to have defended hjm- *144 self at law; and as be failed to do so, however unjust the judgment, he has no right to apply for’ relief to a court of equity. It was said, that if it be competent to prove the mistake by parol evidence in a court of equity, it was equally competent to do so in the action at law; and it was contended, that after the recovery at law, a court of equity is not at liberty to take up the matter and relieve "Williamson against the effect of his own neglect, in not defending himself at law. It will not be contended by us, that in a matter «exclusively cognizable at law, it would be within the power of a court of equity, after a decision at law, however unjust that .decision might be, to take cognizance of the matter, and relieve against the judgment merely on account of the failure of the defendant to make his defence at law. But it is denied that the matter set up by Williamson in his bill, is of a character exclusively cognizable at law. We are not indeed prepared to say, that it was a legitimate subject of investigation in the action at law. We should have great difficulty in forming in our imagination, the sort of plea which would allow such a defence, and which might consistently with the strict rules of pleading, have been pleaded at law. In argument, it was said, that without plea, Williamson might have availed himself of the mistake, if available any^where, in mitigation of damages. But even were it competent for him to have done so, it should be recollected, that though the damages might have been thereby reduced, it would not have been in the power of Williamson, without plea, tq have escaped from the cost of the suit, whicb in point of moral justice, he ought no more to be compelled to pay than the damages which were assessed against him. Were it, however, conceded that the matter was cognizable at law, it would not thence follow, that it is not also cognizable in equity; and if cognizable in both courts, the failure of Williamson to make defence at law, cannot, according to repeated decisions, prevent him from being relieved in equity. To correct and relieve against mistakes in writings, is one of the principal grounds of equitable jurisdiction, and although it might, in some cas *145 es of mistake, be competent for a court of law, to afford redress, it is said to bo the usual and safer course in such cases, to apply to a court of erputy for relief, in the first instance. Starkie’s Law of Evidence, 3 v. 1017.
Dana, for plaintiff; Chinn, for defendant.
The judgment which was rendered against Williamson, having therefore, been recovered for his failure to deliver articles which he never received, but which, through mistake, he, by his writing acknowledged that he had received, and covenanted to deliver, jt was proper for him to apply to a court of equity for relief, audit was correct in the court to decree relief by perpetuating the injunction against the judgment.
The decree is, therefore, affirmed with cost.